FILED
February 13, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002417548

RICHARD A. HALL (SBN 135483)
**BOTTOMLINE LAWYERS**
985 Lincoln Way, Suite 206
Auburn, California 95603
Telephone: (530) 888-7100
Facsimile: (866) 305-1238

Attorneys for Debtors
TIMOTHY E. ROUMAGE
dba ROUMAGE CONSTRUCTION; and DEIRDRE A. ROUMAGE

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

In re:

TIMOTHY E. ROUMAGE dba ROUMAGE CONSTRUCTION, and DEIRDRE A. ROUMAGE,

Debtors.

CASE NO. 09-47454-C-7

DC NO.: RAH-002

DEBTORS' MOTION FOR ORDER FOR ABANDONMENT OF THE BANKRUPTCY ESTATE'S INTEREST IN ROUMAGE CONSTRUCTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

DATE: March 3, 2010
TIME: 10 a.m.
PLACE: U.S. Bankruptcy Court
Courtroom 34
501 I Street
Sacramento, California

Debtors Timothy E. Roumage dba Roumage Construction, and Deirdre A. Roumage, through their attorneys of record, Richard A. Hall, hereby move this Court for an order for abandonment of the Bankruptcy Estate's interest in Roumage Construction.

This motion is based on the facts which follow. The debtors filed a Chapter 7 petition in bankruptcy on December 15, 2009. Among the assets, debtors scheduled an interest in the business known as Roumage Construction. The debtors valued the property at zero. The debtors claim no equity in the business. The net value of the property to the Bankruptcy Estate is zero.

The trustee filed a report of no distribution on January 18, 2010. The trustee has not indicated that Roumage Construction is a target of any liquidation efforts on the part of the

Bankruptcy Estate. The trustee has not challenged the debtor's assertion of value or debts regarding Roumage Construction.

I hereby certify that I have read the foregoing motion for order for abandonment of the Bankruptcy Estate's interest in Roumage Construction and further certify that the contents therein are true and correct to the best of my knowledge and belief. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 12th day of February 2010, at Auburn, California.


/s/ RICHARD A. HALL
RICHARD A. HALL


MEMORANDUM OF POINTS AND AUTHORITIES

ARGUMENT

ROUMAGE CONSTRUCTION IS OF INCONSEQUENTIAL VALUE TO THE BANKRUPTCY ESTATE.

Property may be abandoned from the bankruptcy estate in one of three ways: upon notice by the case trustee, 11 U.S.C. § 554(a), upon motion by a party in interest and order, 11 U.S.C. § 554(b), or upon closing. 11 U.S.C. § 554(c). Property may be abandoned only if it is (1) burdensome to the bankruptcy estate or (2) of inconsequential value to the bankruptcy estate. 11 U.S.C. § 554(a).

The debtors assert that the asset is of inconsequential value to the Bankruptcy Estate, as is evidenced by the chapter 7 bankruptcy filing. See "Declaration of Timothy E. Roumage, etc." and "Exhibit," filed concurrently herewith, titled "Schedule B-Personal Assets." Because the property is of inconsequential value to the Bankruptcy Estate, therefore, the property may be abandoned from the Bankruptcy Estate.

Additionally, the Court need not consider speculative factors when determining whether abandonment is appropriate under Section 554(b) of the Bankruptcy Code. Vu v. Kendall (In re Vu), 245 B.R. 644, 649 (B.A.P. 9th Cir. 2000). The Bankruptcy Court cannot be expected to

deny the debtor's request for abandonment on the basis of a speculative scenario which may or may not occur in the future. Vu v. Kendall (In re Vu), 245 B.R. 644, 649 (B.A.P. 9th Cir. 2000). Otherwise, trustees could certainly invent a scenario under which virtually all property could become valuable in the future and thereby defeat any motion to compel abandonment. The Court can only consider the evidence before it. In this instance, no concrete evidence of value to the Bankruptcy Estate is presented.

## CONCLUSION

Based on the facts and authorities stated above, the debtors respectfully request this Court enter an order for abandonment of the Bankruptcy Estate's interest in Roumage Construction.

DATED: February 12, 2010.

**BOTTOMLINE LAWYERS**

By: /s/ RICHARD A. HALL
RICHARD A. HALL
Attorneys for Debtors
TIMOTHY E. ROUMAGE dba ROUMAGE
CONSTRUCTION and DEIRDRE ROUMAGE